UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. _____** |
| Plaintiff, | |
| v. | **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |
| PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, a limited liability company, also d/b/a ASHWORTH COLLEGE, also d/b/a ASHWORTH COLLEGE CAREER DIPLOMA, | |
| Defendant. | |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) in

connection with the advertising, marketing, and selling of educational services, including academic degree and career training programs.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.      The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41-58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.   15 U.S.C. §§ 53(b) & 56(a)(2)(A).

**DEFENDANT**

6.     Defendant Professional Career Development Institute, LLC ("PCDI" or "Defendant"), also doing business as Ashworth College, also doing business as Ashworth College Career Diploma, is a Georgia limited liability company with its principal place of business at 6625 The Corners Parkway, Norcross, GA 30092. PCDI transacts or has transacted business in this district and throughout the United States.   At all times material to this Complaint, acting alone or in concert with others, PCDI, a for-profit educational institution, has advertised, marketed, distributed, or sold purported academic degree or career training programs to consumers throughout the United States.

**COMMERCE**

7.     At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS ACTIVITIES**

8.     Since at least 1987, PCDI has marketed and provided to consumers academic degree or career training programs through correspondence and online courses.   Acting under the business names Ashworth College and Ashworth

College Career Diploma, PCDI has offered programs for master's, bachelor's, and associate's degrees, and "undergraduate certificates," "career certificates," and "career diplomas" in a variety of subjects.

9.      PCDI charges consumers tuition ranging from hundreds to several thousands of dollars for such programs.   PCDI does not accept student loans, and requires students to pay their tuition in full or make monthly payments.   It does, however, accept military benefits, such as GI Bill payments.   As a result, in the past, PCDI's marketing efforts have targeted military service members and their families, and PCDI advertises that it employs "Military Advisors" to speak with potential applicants who are eligible for military payment benefits.

10.      PCDI, through its advertising materials and its representatives, tells consumers that its courses of study will provide them with the comprehensive training and credentials they need to switch careers or obtain a new job, often presenting specific careers or jobs in various fields that its graduates could purportedly obtain.   In numerous instances, however, PCDI's programs do not meet the basic educational requirements set by state licensing boards for those careers and jobs, and PCDI's representations are therefore false or misleading, or are not substantiated at the time they are made.

11.     Likewise, PCDI has represented on its websites and in its print advertising that its credits generally will transfer to other higher education institutions.   In numerous instances, however, such representations are false or misleading, or are not substantiated at the time they are made.

12.     In numerous instances, consumers who complete PCDI's programs are left having spent hundreds or thousands of dollars without obtaining the credentials even to apply for necessary licenses or left with credits that many other institutions will not recognize.

**PCDI Represents That Its Programs Offer Comprehensive Training And The Requisite Credentials Needed To Start New Careers**

13.     To market its programs, PCDI maintains multiple websites, including ashworthcollege.edu, ashworthfriends.com, ashworthcollegeclasses.com, ashworthcareercourses.com, ashworthchildeducationcareers.com, ashworthcollegedegree.com, childeducationcareers.com, pcdi.edu, referashworth.com, and many more, uses social media accounts, including Facebook and Twitter accounts, and engages in other forms of marketing, including direct mailings.   Consumers can enroll in PCDI's programs online by completing a series of forms, over the phone by speaking with a member of PCDI's sales staff, or through the mail.

5

14.     Much of PCDI's marketing and advertising materials convey the message that its programs enable graduates to seek and obtain new careers, which, in turn, will result in a better salary and quality of life.   A central feature of this message is that PCDI's programs provide consumers with comprehensive training and the credentials they need to change careers.   For example, PCDI represents to consumers in numerous instances, including on its websites and in its student handbooks that:

- "graduates" of its programs "will have the … credentials [to] apply for jobs [or] change careers;" and

- its "programs provide comprehensive preparation for students seeking to start a new career."

15.     PCDI repeatedly reinforces this message in its advertising.   It has, for example, represented to consumers in print advertising that:

- its programs are "designed to ensure you are job-ready;"

- consumers "could graduate and be ready for a new career in just 24 weeks;" and

- consumers would "graduate ready to make a good living in your own business."

16.    Likewise, one of PCDI's websites, www.ashworthcollege.edu, contains pages devoted to each program offered by Ashworth College or Ashworth College Career Diploma.   Each individual webpage contains a "Career" or "Job Outlook" section that typically includes information about potential career opportunities in the advertised field, provides statistics about expected job growth, lists potential jobs, employers, or employment activities related to the new career, and suggests that a consumer who completes the advertised course will be qualified for employment in the new career field.

17.    For example, PCDI offers a Career Diploma in Real Estate Appraisal Skills.   The webpage advertising this program urges consumers to enroll in the program by stating:

- "Learn how to become a real estate appraiser today and start a career with equity;"

- "Everything you need is included – there's nothing extra to buy;"

- "Home appraisal is an integral part of many real estate transactions, so the demand for appraisers rarely diminishes;" and

- "According to the U.S. Department of Labor, **real estate appraiser jobs will increase by 6%** through 2022." (emphasis in original)

18.    On another of its websites, www.ashworthcollegeclasses.com, PCDI advertises its programs as if they were related to a specific state, such as "Home Inspection Classes in Florida," "Illinois Locksmithing Classes," and "Alaska Massage Techniques Classes," even though the programs provide general coursework that is not specific to a particular state.   These webpages again state that PCDI's programs prepare consumers to begin a new career and may list potential jobs or employers for which PCDI suggests consumers who complete the advertised program may be qualified.

19.    For example, the webpage advertising the "Home Inspection Classes in Florida" claims that:

- "**Home Inspection classes in Florida** are an exceptional way to begin a career working with professional Realtors during the buying and selling experience" (emphasis in original);

- "Florida Home Inspection classes prepare you to build a solid home inspection career helping first-time and seasoned home-buyers make informed purchase decisions;" and

- "No matter the state of the real estate market, there will be room for growth in home inspection careers."

20.    PCDI's advertising urges consumers to contact its "Admissions Advisors" to obtain additional information about its programs.   Despite their titles, these Admissions Advisors are, in reality, professional salespeople who are trained to use high-pressure tactics to persuade consumers to enroll.   In numerous instances, PCDI Admissions Advisers have reinforced over the telephone representations in PCDI's advertising and marketing materials that PCDI's programs provide consumers with the "credentials [to] apply for jobs" and "the comprehensive preparation … to start a new career."

21.    Admissions Advisors work on a partial commission basis, and PCDI has set enrollment quotas for them.   Admissions Advisors who have failed to meet their quotas have faced disciplinary actions, including reprimands and termination. Admissions Advisors are thus incentivized to enroll as many consumers as possible.

9

22.   PCDI trains its Admissions Advisors to be aggressive during sales calls.   Admissions Advisors who are seen as being insufficiently aggressive at "rebuttaling" (the term used in PCDI's internal training documents for overcoming consumers' concerns) face disciplinary action that can include loss of commission or even termination.

23.   As part of their "rebuttaling" training, PCDI's salespeople are taught to ask background questions at the beginning of a call about the consumer's family, employment situation, educational background, and other personal information. PCDI then instructs the salespeople to use whatever information they learn as pressure points later in the call to get a commitment from the consumer.   For example, a salesperson was instructed by his supervisor to "[r]emember what [the consumer] told you in the discovery section.   Needs a job, has a kid, etc.   Use those against her."

24.   In many instances, in the course of sales calls with consumers, PCDI's salespeople have represented that PCDI's programs provide consumers with the training and credentials they need to switch careers.   For example, in the call scripts supplied by PCDI to its salespeople, the salespeople are instructed to tell a consumer who is interested in changing careers that "[g]aining an education from

Ashworth in a new field will prepare you for the move into a new career" and "[l]earning new skills and gaining knowledge here at Ashworth will make you more marketable and appealing to future employers."

**Many Of PCDI's Programs Do Not Meet State Prerequisites For Licensure Or Provide The Necessary Credentials For Consumers To Switch Careers**

25.     Many of the jobs or careers for which PCDI's programs prepare consumers are state-regulated and require completion of a state-approved course of study as a prerequisite for licensure or even for allowing the consumer to take a licensing exam.   Despite PCDI's promises to provide the "credentials [to] apply for jobs" and "the comprehensive preparation … to start a new career," in numerous instances, its programs do not meet the educational prerequisites set by state licensing boards and typically consist of only general coursework that is not geared to a particular state or its licensing requirements.

26.     To illustrate, PCDI offers a "Career Diploma in Home Inspection." The webpage devoted to this program suggests that PCDI's program allows you to start a career as a home inspector.   For example, the website states that:

- PCDI's program is "the ideal start to a successful, well-paying career;"

11

- the "number of construction and building inspectors will increase 18% by 2020, [which amounts to] an additional 18,400 career opportunities;"

- "Home inspector jobs are waiting for you when you start your training today."

27.     However, many states require consumers to take a state-approved training program prior to granting the consumers a license or certificate to be a home inspector.   In many, if not all, of these states, PCDI's home inspection program is not on the state's list of approved programs.   Thus, contrary to its representations, PCDI does not provide consumers with the credentials or comprehensive training consumers need to obtain the purported home inspector jobs "waiting" for them upon completing the program.

28.     As another example, PCDI also advertises "Massage Techniques Classes in Washington."   Its webpage advertising the course has stated that:

- "Washington Massage Techniques classes will equip you to work in a variety of settings including spas and resorts [and] retail massage boutiques...;"

- "**Massage Techniques classes in Washington** are an outstanding way to learn the essential techniques you'll need to begin a satisfying career in massage" (emphasis in original); and

- "Whether you specialize in Asian bodywork such as Reiki, or traditional Western full-body techniques, your training will leave you with the skills to create a career with longevity."

29.    However, to work as a massage practitioner of any kind in the state of Washington, a consumer must become licensed by the Washington State Department of Health.   To obtain such a license, a consumer must complete over 300 hours of instruction in a state-approved massage school or apprenticeship program.   PCDI's Massage Techniques program is not approved by the Washington State Department of Health and therefore does not "equip" consumers to work in spas, resorts, or retail massage boutiques.

30.    Indeed, in some cases, PCDI does not have the requisite academic accreditation demanded by state boards or employers in a particular field.   The United States Department of Education recognizes two types of accrediting agencies – national accreditors and regional accreditors.   Regional accreditation is the more widely-accepted accreditation and is the accreditation that most public and

13

private universities or colleges acquire.   National accreditation, on the other hand, has historically been given to schools or programs that are vocational or career-training focused.   Many state licensing authorities require a degree from a regionally-accredited university or college, excluding applicants who have a degree from a nationally-accredited university or college.

31.   PCDI is accredited by the Distance Education Accrediting Commission ("DEAC"), a national accreditor.   In many instances, PCDI's status as a nationally-accredited entity means that, contrary to PCDI's representations, its graduates lack the educational requirements to become licensed or obtain a job in their field of study.

32.   For example, PCDI offers a Bachelor of Science in Early Childhood Education program.   It claims that the program:

- is "designed to provide students with in-depth instruction in the principles and procedures of supervising and educating children from newborn to age eight;"

- offers "specialty courses … preparing students for careers within the field of early childhood education;"

- "will help you make a difference in … elementary schools;"

- teaches consumers concepts to apply in "primary school classrooms;" and

- prepares consumers for careers "[t]eaching in the classroom."

PCDI further states, "Many employers consider a bachelor's degree an essential hiring qualification.   Your Bachelor's Degree in Early Childhood Education will help prepare you for career opportunities."

33.    Yet in many states, an elementary school teaching license requires a degree from a regionally-accredited college or university and thus consumers who acquire a Bachelor's degree from PCDI are unable to use the PCDI degree to qualify for a state teaching license.

34.    Likewise, PCDI's Admissions Advisors have misrepresented to consumers during sales calls the nature of PCDI's accreditation or the extent to which PCDI's programs satisfy state licensing requirements.   For example, one consumer who was interested in becoming a home inspector in Indiana asked an Admissions Advisor if PCDI's Home Inspection program satisfied the state licensing requirements and was told it did.   Upon completing the program, the consumer was informed by the state licensing board that PCDI's program was not recognized in Indiana.   The consumer called PCDI to again ask about whether the

Home Inspection program met Indiana's licensing requirements and was again told by an Admission Advisor that it did.

35.     In failing to provide accurate information about the extent to which PCDI's programs meet state licensing prerequisites, PCDI's Admissions Advisors are following PCDI's own guidelines.   PCDI provides Admissions Advisors with responses to "common objections" in call scripts.   One of these listed objections is "Certification."   Instead of instructing its Admissions Advisors to provide non-misleading information to potential students regarding the extent (or lack of extent) to which the program may satisfy state licensing requirements, PCDI instructs the Admissions Advisors to say, "We provide you the knowledge that can be used towards your preparation for the state certification process."

36.     The inability of consumers to apply for necessary state licenses for jobs in a particular field after completing PCDI's programs is contrary to the claims made in its marketing material and sales calls that PCDI will provide consumers "credentials [to] apply for jobs" and "the comprehensive preparation … to start a new career."   In addition, PCDI has not analyzed or otherwise tracked the extent to which its programs satisfy state licensing requirements.

**PCDI Represents That Its Credits Transfer To Other Institutions, But Many Institutions Will Not Recognize Its Credits**

37.     Another part of PCDI's marketing strategy is to represent to consumers that course credits earned at its schools generally will transfer to other institutions of higher learning.   Typically, students at post-secondary institutions earn credits when they complete a specific course.   These credits may be applied towards meeting the academic requirements for earning a degree or completing a program.

38.     Many post-secondary students transfer to a new school within six years of their first enrollment.   If the new school recognizes credits earned at the previous school, it could reduce the time and money students spend earning a degree at the new school.

39.     PCDI represents in both its web and print marketing materials that credits earned at its schools will transfer to other institutions.   For example, PCDI has represented:

- "Associate of Arts degrees may transfer to a 4-year bachelor program in the arts and sciences;"

- "Many Ashworth programs can be transferred into a higher degree program;"

17

- "Why Choose Online Classes at Ashworth College?   … Credit Transferability;" and

- "Undergraduate Certificates:   Learn Specialized career skills in a few short weeks.   Transfer to a degree program to continue your education."

40.    PCDI has emphasized the transferability of credits in training its Admissions Advisors.   For example, Admissions Advisors are taught to remember the acronym FATS – Flexible, Affordable, Transferable, and Speed and Success. Likewise, Admissions Advisors are taught that the "target market" for PCDI's Associate of Science degrees are "[p]rospects seeking to enroll in a bachelor's degree program upon graduating from the associate degree program."

41.    In many cases, however, other post-secondary institutions will not recognize or accept credits earned at PCDI.   For example, many post-secondary schools or programs have a policy of only recognizing credits from a *regionally*-accredited institution.   Because, as noted, PCDI is *nationally*-accredited, its credits do not satisfy this requirement.

42.    Indeed, many students have complained to PCDI about their inability to transfer credits earned at PCDI to other schools.   A 2012 report sent by PCDI to

18

its accreditor acknowledged this fact, stating, "Students frequently voiced concerns about transfer credit into and out of Ashworth."   Yet despite these frequent complaints, PCDI has represented that its credits will transfer, even though in reality the credits have limited transferability.   Nor does PCDI appear to meaningfully track or otherwise analyze whether its credits transfer to other post-secondary institutions.

## VIOLATIONS OF THE FTC ACT

43.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

44.    Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I
### False or Unsubstantiated Licensure Qualification Claim

45.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of educational services, including academic degree and career training programs, PCDI has represented, directly or indirectly, expressly or by implication, that consumers completing its academic degree or career training programs are qualified thereby to obtain necessary professional

licenses in the applicable positions or career fields without further training or experience.

46.     The representation set forth in Paragraph 45 is false or misleading, or was not substantiated at the time the representation was made.

47.     Therefore, the making of the representation set forth in Paragraph 45 of this Complaint constitutes a deceptive act or practice, in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**Count II**
**False or Unsubstantiated Credit Transferability Claim**

48.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of educational services, including academic degree and career training programs, PCDI has represented, directly or indirectly, expressly or by implication, that course credits earned at PCDI schools generally will transfer to other post-secondary institutions.

49.     The representation set forth in Paragraph 48 is false or misleading, or was not substantiated at the time the representation was made.

50.     Therefore, the making of the representation set forth in Paragraph 48 of this Complaint constitutes a deceptive act or practice, in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

51.    Consumers have suffered and will continue to suffer substantial injury as a result of PCDI's violations of the FTC Act.   In addition, PCDI has been unjustly enriched as a result of its unlawful acts or practices.   Absent injunctive relief by this Court, PCDI is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

52.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations   of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §§ 53(b), and the Court's own equitable powers, requests that the Court:

21

A.     Enter a permanent injunction to prevent future violations of the FTC Act by PCDI;

B.     Award such relief as the Court finds necessary to redress injury to consumers resulting from PCDI's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

C.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

Dated:    May 26, 2015

JONATHAN E. NUECHTERLEIN
General Counsel

BRIAN SHULL
bshull@ftc.gov
LEAH FRAZIER
lfrazier@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mailstop CC-10232
Washington, DC 20580
Telephone:   (202) 326-3720; (202) 326-2187
Fax:   (202) 326-3768

S. SPENCER ELG (GA SBN 940592)
selg@ftc.gov
Federal Trade Commission
225 Peachtree St., Suite 1500
Atlanta, GA 30303
Telephone:   (404) 656-1354
Fax:   (404) 656-1379