FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 04 2015

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FEDERAL TRADE COMMISSION

Plaintiff,

v.

PROFESSIONAL CAREER DEVELOPMENT
INSTITUTE, LLC, a limited liability company, also
d/b/a ASHWORTH COLLEGE, also d/b/a
ASHWORTH COLLEGE CAREER DIPLOMA,

Defendant.

Case No. 1:15-CV-1872-WSD

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
SUSPENDED MONETARY
JUDGMENT**

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.§ 53(b). The FTC and Defendant stipulate to the entry of this Order for Permanent Injunction and Suspended Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, distributing, and selling of educational services, including academic degree and career training programs.

3. Defendant neither admits nor denies any of the allegations in the Complaint,

Page 1 of 13

except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.  Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.  Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  **"Academic Degree or Career Training Program"** means any product, service, plan, or program that provides or purports to provide (1) master's degrees, bachelor's degrees, associate's degrees, diplomas, certificates, or other document, offered by Defendant that confers or purports to confer a qualification, records or purports to record success in examinations or successful completion of a course of study, or evidences or purports to evidence that a consumer has completed and shown proficiency in a curriculum recognized as necessary to earn the indicated degree, diploma, certificate, or other document, or (2) training to prepare or qualify consumers, or improve or upgrade the skills of consumers, for employment in any specific occupation requiring a Vocational License or otherwise requiring mechanical, technical, business, trade, artistic, supervisory, clerical, or other skills.

B.  **"Defendant"** means Professional Career Development Institute, LLC, also d/b/a Ashworth College, also d/b/a Ashworth College Career Diploma, and its direct and indirect U.S. subsidiaries, successors, and assigns.

C.  **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

D.  **"Postsecondary Education Institution"** means an academic, vocational, technical, home study, business, professional, or other school, college, or university, or other organization or person, offering educational credentials or offering instruction or educational services (primarily to persons who have completed or terminated their secondary education or who are beyond the age of compulsory school attendance) for attainment of educational, professional, or vocational objectives.

E.  **"Vocational License"** means any license, certificate, or similar official authorization granted by a governmental, professional, or industry body that is required to practice, perform work, or obtain employment in a certain vocational field.

**ORDER**

**I.   PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ACADEMIC DEGREE OR CAREER TRAINING PROGRAMS**

**IT IS ORDERED** that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promotion, offering for sale, or sale of any Academic Degree or Career Training Program, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, directly or indirectly, expressly or by implication:

A. That consumers completing any such program are qualified thereby to obtain any necessary Vocational License in the applicable positions or career fields without further training or experience;

B. That any such program provides the training and the credentials required for any consumer to switch careers or obtain a job in a new field of employment;

C. The types of jobs for which consumers completing any such program will be qualified upon completion of the program;

D. The nature or scope of any such program's academic accreditation;

E. That any such program relates to a specific occupation in a state unless the program satisfies the educational prerequisites for obtaining any necessary Vocational License for that occupation in that state;

F. That any such program serves as a valid credential when applying for licenses, certifications, or jobs, seeking enrollment in higher education institutions, or for other purposes;

G. The current conditions or employment opportunities in the industries or occupations relating to any such program, including, without limitation, through the use of testimonials regarding the current conditions or employment opportunities in that industry or occupation;

H. That there will be job security or steady employment for consumers completing such program in positions for which Defendant's program trains such consumers;

I. That any such program is recommended by vocational counselors, educational organizations, employment agencies, or members of a particular industry;

J. That course credits earned by consumers completing any such program generally

are recognized by, accepted by, or otherwise transferable to other Postsecondary Education Institutions; and

K.  Any other fact material to consumers concerning any such program, such as any material restriction or limitation or any material aspect of its nature or central characteristics.

## II.   PROHIBITION AGAINST UNSUBSTANTIATED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promotion, offering for sale, or sale of any Academic Degree or Career Training Program, are permanently restrained and enjoined from making expressly or by implication, a representation enumerated in Section I, unless the representation is non-misleading, and at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient to substantiate that the representation is true.

## III.   MONETARY JUDGMENT AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of eleven million dollars ($11,000,000) is entered in favor of the FTC against Defendant, as equitable monetary relief.

B.  The judgment is suspended subject to the Subsections below.

C.  The FTC's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely the Financial Statement of Defendant signed by Robert Klapper, in his capacity as Chief Executive

Officer of Defendant, on March 12, 2015, including the attachments.

D. The suspension of the judgment will be lifted as to Defendant if, upon motion by the FTC, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H. Defendant acknowledges that its Taxpayer Identification Numbers (Employer Identification Numbers), which Defendant previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I. All money paid to the FTC pursuant to this Order may be deposited into a fund

administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## IV.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant and its officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly, failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress as set forth in Section III. If a representative of the FTC requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the FTC, within 14 days.

## V.  ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 3 years after entry of this Order, Defendant must deliver a copy of this Order

to: (1) all principals, officers, directors, managers, and members; (2) all employees, agents, and representatives who participate in the advertising, marketing, and selling of an Academic Degree or Career Training Program; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the FTC:

    A.    One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

    B.    For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership

interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. PCDI LLC.

## VII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. a copy of each unique advertisement or other marketing material.

### VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with Defendant. Defendant must permit representatives of the FTC to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior

notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this __4th__ day of __June_____, 201_5_

_____William S. D_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

_____ Date: 5/26/2015
BRIAN SHULL
LEAH FRAZIER
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mailstop CC-10232
Washington, DC 20580
Tel: (202) 326-3720; (202) 326-2187
Fax: (202) 326-3768
bshull@ftc.gov; lfrazier@ftc.gov

S. SPENCER ELG (GA SBN 940592)
selg@ftc.gov
Federal Trade Commission
225 Peachtree St., Suite 1500
Atlanta, GA 30303
Telephone: (404) 656-1354
Fax: (404) 656-1379

**FOR DEFENDANT PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC:**

_____  Date: 3/30/15
YARON DORI
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5444
Fax: (202) 778-5444
ydori@cov.com
COUNSEL FOR PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC


_____  Date: 3/17/15
ROBERT KLAPPER, Chief Executive Officer